**GUI DONG LIANG, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–3593–ag.

United States Court of Appeals, Second Circuit.

April 28, 2009.

Gui Dong Liang, New York, NY, pro se.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Greg Mack, Senior Litigation Counsel, Lauren Ritter, Law Clerk, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Gui Dong Liang, a native and citizen of China, seeks review of a June 25, 2008 order of the BIA denying his motion to reopen and affirming the January 22, 2007 decision of Immigration Judge ("IJ") Noel A. Ferris, denying his application for CAT

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

relief. *In re Gui Dong Liang,* No. A98 435 556 (B.I.A. June 25 2008), *aff'g* No. A98 435 556 (Immig. Ct. N.Y. City Jan. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir.2008).

 In order to prevail on his CAT claim, Liang needed to adduce evidence establishing a clear probability that someone in his circumstances would be tortured. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). That is, Liang was required to show that an individual who, like himself, was smuggled out of China illegally would more likely than not be subjected to torture if removed to China. *See id.* The IJ properly found that the background materials in the record did not establish that this would occur. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005). In addition, the IJ did not err in finding that Liang's testimony that his brother-in-law had been "hit" by Chinese authorities was insufficiently detailed to establish that Liang himself would experience similar treatment. *See Mu–Xing Wang,* 320 F.3d at 144. Although Liang stated that his brother-in-law had been mistreated because of "smuggling," he offered no details regarding the circumstances of his brother-in-law's detention or the severity of the abuse he suffered while in the custody of Chinese officials. Moreover, the IJ did not err in finding that Liang did not sufficiently corroborate his testimony that his brother-in-law had been physically abused because he departed China illegally. Contrary to Liang's argument, the IJ gave Liang notice that he should have submitted a statement from his brother-in-law. However, Liang did not ask for an opportunity to obtain the missing documentation, nor did he offer any explanation why such a statement would not be reasonably available to him. *See Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003).

 With respect to his motion to reopen, Liang argues that the BIA erred in failing to consider the additional evidence he submitted. This argument is meritless. The BIA considered the evidence but found that it failed to establish Liang's *prima facie* eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Accordingly, the BIA did not abuse its discretion in denying Liang's motion to reopen. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.